**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REBECCA ANN JARAMILLO,     )    NO. CV 17-6036-E
                          )
          Plaintiff,    )
                          )
   v.                 )    **MEMORANDUM OPINION**
                          )
NANCY A. BERRYHILL, ACTING   )
COMMISSIONER OF SOCIAL SECURITY,  )
                          )
          Defendant.    )
_____)

**PROCEEDINGS**

Plaintiff filed a Complaint on August 14, 2017, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on September 13, 2017.

Plaintiff filed a motion for summary judgment on December 27, 2017.  Defendant filed a cross-motion for summary judgment on January 26, 2018.  The Court has taken both motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed August 18, 2017.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

The Court previously remanded Plaintiff's disability claim for further administrative proceedings. See Administrative Record ("A.R." 633-44 (Memorandum Opinion and Judgment filed January 15, 2015, in Jaramillo v. Colvin, CV 14-3827-E). Plaintiff had asserted disability since January 26, 2011, based on a combination of alleged exertional and non-exertional impairments (A.R. 26, 52-65, 155, 174). The record contained a "Residual Functional Capacity Questionnaire" ("RFC Questionnaire") from October 2012, signed by Dr. Herman Carillo (one of the physicians at a clinic where Plaintiff had received treatment) (A.R. 370-73). The RFC Questionnaire opined that Plaintiff's impairments disable her from all employment (id.).

An Administrative Law Judge ("ALJ") found Plaintiff not disabled despite severe impairments, relying on the opinions of non-treating, non-examining physicians who had reviewed some but not all of Plaintiff's medical records (A.R. 31-36, 84-88, 93-96, 102-06, 111, 119). The ALJ had not ordered that Plaintiff be examined by any consultative physicians. The ALJ rejected the opinions expressed in the RFC Questionnaire as allegedly inconsistent with the objective medical evidence, and because Plaintiff testified that she had not been seen or treated by Dr. Carillo (A.R. 33; see also A.R. 65-66 (Plaintiff's testimony that she saw another doctor and a physician's assistant at the clinic)).

In previously remanding this matter, the Court held that the ALJ had erred by: (1) not fully developing the record concerning Dr.

Carillo's role, if any, in Plaintiff's treatment; (2) relying solely
on the opinions of the non-examining physicians to determine
Plaintiff's residual functional capacity; and (3) failing to order a
consultative examination of Plaintiff.  See A.R. 638-43.

On remand, a new ALJ held two administrative hearings, obtained
evidence from consultative examiners and a vocational expert, and
issued a new, partially-favorable decision.  See A.R. 556-70
(decision), 582-96 (hearing transcripts), 929-34 (vocational expert
interrogatories), 949-51 (vocational expert cross-interrogatories),
1061-67 (2014 Internal Medicine Consultation evaluation by Dr. John
Sedgh), 1549-55 (2016 Internal Medicine Consultation evaluation by Dr.
Sedgh), 1632-39 (2016 Comprehensive Psychological Evaluation by Dr.
Michael Cohn).  The ALJ found that Plaintiff has suffered from a
number of "severe" impairments since her alleged onset date, but has
retained a residual functional capacity for a limited range of
sedentary work:

> [S]he can stand up to two (2) hours and walk up to two (2)
> hours, cumulatively, and sit up to six (6) hours,
> cumulatively, in an eight-hour workday; she can lift and
> carry up to 20 pounds occasionally and ten pounds
> frequently; she can occasionally climb, balance, bend,
> stoop, push and pull, finger, handle, and crawl; she may
> frequently perform complex technical work and can perform a
> full range of simple, repetitive work at level 7 reasoning;
> she may exercise frequent concentration and persistence in
> pace; she may have occasional contact with co-workers and

the general public; and she may perform work at stress level
5 on a scale of (1) one to (10) ten, one, by example, the
work of a night dishwasher and ten being the work of an air
traffic controller, as these occupations are generally
performed in the national economy.

See A.R. 561 (emphasis added).

Given this capacity, the ALJ found Plaintiff disabled as of
April 23, 2015 – the date Plaintiff turned 50 and became an individual
"closely approaching advanced age."  See A.R. 569-70 (citing 20 C.F.R.
Pt. 404, subpt. P, App. 2 (the "Grids"), Rule 201.09).[1]  However, for
the period from Plaintiff's alleged onset date until April 23, 2015,
the ALJ found that there were sedentary unskilled jobs existing in
significant numbers in the national economy that Plaintiff could
perform:  Stuffer (DOT 731.685-014), Addresser (DOT 209.587-010), and
Ampoule Sealer (DOT 559.687-014).  See A.R. 569-70 (adopting
vocational expert's opinion at A.R. 932-34, which the ALJ claimed was
consistent with the information found in the Dictionary of
Occupational Titles ("DOT")).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if:  (1) the Administration's

---

[1]    A conclusion of disability, when directed by the Grids,
is irrebuttable.  See Cooper v. Sullivan, 880 F.2d 1152, 1157
(9th Cir. 1989).

4

findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.  But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

**I.  Substantial Evidence Does Not Support the ALJ's Finding that Plaintiff Could Perform Work Before She Turned 50.**

Substantial evidence does not support the ALJ's determination that Plaintiff could perform the identified jobs prior to April 23,

2015.  In making this determination, the ALJ relied on the vocational
expert's opinion.  There exists an unexplained inconsistency between
this opinion and information found in the DOT.

"[T]he best source for how a job is generally performed is
usually the Dictionary of Occupational Titles."  Pinto v. Massanari,
249 F.3d 840, 845 (9th Cir. 2001) (citations omitted).  However, the
DOT "is not the sole source of admissible information concerning
jobs"; an ALJ also may rely on the testimony of a vocational expert
concerning the requirements of a particular occupation.  See Johnson
v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (citation omitted).
Such testimony can furnish substantial evidence to support an ALJ's
determination that a claimant is not disabled.  See Barker v.
Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989).

Before relying on vocational expert testimony concerning the
requirements of a particular occupation, "the ALJ must ask the
[vocational expert] if his or her testimony is consistent with the
DOT."  Wentz v. Commissioner Social Sec. Admin., 401 Fed. App'x 189,
191 (9th Cir. 2010) (citing Massachi v. Astrue, 486 F.3d 1149, 1152-53
(9th Cir. 2007)); see also Zavalin v. Colvin, 778 F.3d 842, 846 (9th
Cir. 2015) (discussing the ALJ's duty to resolve an apparent conflict
between vocational expert testimony and the DOT; the "failure to
resolve an apparent inconsistency may leave. . . a gap in the record
that precludes us from determining whether the ALJ's decision is
supported by substantial evidence") (citing, inter alia, SSR 00-4p).
///
///

SSR 00-4p provides in pertinent part:

In making disability determinations, we rely primarily on the DOT. . . for information about the requirements of work in the national economy. We use [the DOT] at steps 4 and 5 of the sequential evaluation process. We may also use [vocational experts]. . . at these steps to resolve complex vocational issues. . . .

Occupational evidence provided by a [vocational expert] . . . generally should be consistent with the occupational information supplied by the DOT. <u>When there is an apparent unresolved conflict between [vocational expert]. . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert]. . . evidence to support a determination or decision about whether the claimant is disabled. . . .</u>

Neither the DOT nor the [vocational expert]. . . evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert]. . . is reasonable and provides a basis for relying on the [vocational expert]. . . testimony rather than on the DOT information.

<u>See</u> SSR 00-4p, 2000 WL 1897804, at *2 (Dec. 4, 2000) (emphasis added);

see also <u>Gutierrez v. Colvin</u>, 844 F.3d 804, 808 (9th Cir. Nov. 29, 2016) ("For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent.").

   In the present case, the ALJ defined a residual functional capacity limiting Plaintiff to only occasional handling and fingering. The vocational expert identified three jobs a person with this capacity assertedly could perform:  Stuffer, Addresser and Ampoule Sealer.  According to the DOT, however, a person with this capacity could not perform any of these three jobs.  According to the DOT, each of the three jobs requires frequent (<u>i.e.</u> more than occasional) handling, and two of the three jobs also require frequent fingering. <u>See</u> DOT 731.687-014, 1991 WL 679811 (1991) (Stuffer job requires frequent handling); DOT 209.587-010, 1991 WL 671797 (1991) (Addresser job requires frequent handling and frequent fingering); DOT 559.687-014, 1991 WL 683782 (1991) (Ampoule Sealer requires frequent handling and frequent fingering).

   The ALJ purported to rely on the vocational expert's opinion to find Plaintiff not disabled before her 50th birthday.  As a matter of law, the apparent, obvious and unresolved conflict between the vocational expert's opinion and the DOT precludes such reliance.  <u>See</u> Social Security Ruling ("SSR") 00-4p;[2] <u>Light v. Social Sec. Admin.</u>, 119 F.3d 789, 794 (9th Cir. 1997) (error that "[n]either the ALJ nor the vocational expert explained the reason for departing from the

_____

   [2]   Social Security Rulings are "binding on the ALJs." <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

DOT"); <u>Johnson v. Shalala</u>, 60 F.3d at 1435 ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation").

At step five of the sequential evaluation process, the burden shifts from the claimant to the Administration to show that the claimant is able to perform other work that exists in significant numbers in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d at 1100; 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Absent explanation of the apparent conflict between the vocational expert's opinion and the DOT, the vocational expert's opinion cannot constitute substantial evidence to support the conclusion that Plaintiff could work before her 50th birthday. <u>See</u> <u>Zavalin v. Colvin</u>, 778 F.3d at 846; <u>see generally</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1341 (9th Cir. 1988) (Administration may not speculate concerning the requirements of particular jobs).

During the administrative proceedings and before this Court, Plaintiff's counsel failed to point out the inconsistency between the vocational expert's opinion and the DOT. To the extent Defendant might argue that this failure effected a waiver of the issue, the argument would not be well taken. First, "an ALJ is required to investigate and resolve any apparent conflict between the [vocational expert's] testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." <u>Shaibi v. Berryhill</u>, 870 F.3d 874, 882 (9th Cir. 2017) ("<u>Shaibi</u>") (citing SSR 004-p; distinguishing from situation where claimant waived right to invoke non-DOT sources to challenge vocational expert's job-number estimates because the ALJ had no duty <u>sua sponte</u> to take administrative notice of non-DOT

sources); <u>Lamear v. Berryhill</u>, 865 F.3d 1201, 1206 (9th Cir. 2017)
("<u>Lamear</u>") ("our law is clear that a counsel's failure [to raise the
issue] does not relieve the ALJ of his express duty to reconcile
apparent conflicts through questioning: 'When there is an apparent
conflict between the vocational expert's testimony and the DOT – for
example, expert testimony that a claimant can perform an occupation
involving DOT requirements that appear more than the claimant can
handle – the ALJ is <u>required</u> [under SSR 004-p] to reconcile the
inconsistency.'") (quoting <u>Zavalin v. Colvin</u>, 778 F.3d at 846;
emphasis added)); <u>see also</u> <u>Randazzo v. Berryhill</u>, 2017 WL 6374297, at
*1 (9th Cir. Dec. 13, 2017) (rejecting argument that claimant waived
issue of conflict between vocational expert testimony and the DOT by
failing to raise the issue before the ALJ; citing <u>Lamear</u>, 865 F.3d at
1205-06, and distinguishing <u>Shaibi</u>, 870 F.3d at 881-83); <u>Alvarenga v.</u>
<u>Berryhill</u>, 2018 WL 400740, at *2, *4 (C.D. Cal. Jan. 12, 2018)
(rejecting argument that plaintiff waived claim that the ALJ erred by
failing to resolve an apparent conflict between the DOT and vocational
expert testimony by not raising the claim with the ALJ; citing, <u>inter</u>
<u>alia</u>, SSR 00-4p and distinguishing <u>Shaibi</u>); <u>Borutta v. Berryhill</u>, 2018
WL 324087, at *5 (C.D. Cal. Jan. 5, 2018) (rejecting identical waiver
argument; also noting that "[a]n ALJ cannot simply rely on the
[vocational expert's] testimony that no such conflict exists")
(citations and internal quotation marks omitted).

Second, the Court must review the administrative decision to
determine if the decision is supported by substantial evidence. <u>See</u>
<u>Carmickle v. Commissioner</u>, 533 F.3d at 1159. The apparent and
unresolved conflict discussed above prevents the vocational expert's

opinion from constituting substantial evidence to support the
administrative decision.

**II.   The Court is Unable to Conclude that the ALJ's Error Was
        Harmless.**

     "[A]n ALJ's error is harmless where it is inconsequential to the
ultimate nondisability determination."  <u>Molina v. Astrue</u>, 674 F.3d
1104, 1115 (9th Cir. 2012) (citations and quotations omitted); <u>see</u>
<u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1105 (9th Cir. 2014)
("Where, as in this case, an ALJ makes a legal error, but the record
is uncertain and ambiguous, the proper approach is to remand the case
to the agency"); <u>cf.</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir.
2011) (error not harmless where "the reviewing court can determine
from the 'circumstances of the case' that further administrative
review is needed to determine whether there was prejudice from the
error").  Under these standards, the Court is unable to conclude that
the ALJ's error was harmless.  As previously indicated, substantial
evidence fails to support the ALJ's step five determination that
Plaintiff can perform the jobs identified.

**III. Remand for Further Administrative Proceedings is Appropriate.**

     The circumstances of this case warrant remand for further
administrative proceedings, which could remedy the ALJ's error.  <u>See</u>
<u>McLeod v. Astrue</u>, 640 F.3d at 888; <u>see also</u> <u>INS v. Ventura</u>, 537 U.S.
12, 16 (2002) (upon reversal of an administrative determination, the
proper course is remand for additional agency investigation or

explanation, except in rare circumstances); <u>Leon v. Berryhill</u>, 880
F.3d 1041 (9th Cir. 2017) (reversal with a directive for the immediate
calculation of benefits is a "rare and prophylactic exception to the
well-established ordinary remand rule"); <u>Dominguez v. Colvin</u>, 808 F.3d
403, 407 (9th Cir. 2015) ("Unless the district court concludes that
further administrative proceedings would serve no useful purpose, it
may not remand with a direction to provide benefits"); <u>Treichler v.</u>
<u>Commissioner</u>, 775 F.3d at 1101 n.5 (remand for further administrative
proceedings is the proper remedy "in all but the rarest cases").
Here, it is unclear whether there exists an explanation for the
conflict discussed above.  It is also unclear whether there may exist
other jobs Plaintiff could have performed before her 50th birthday.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 14, 2018.

_____
              /s/
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

_____

[3]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.